# Hines, Director General, *v.* Union Connellsville Coke Co., Appellant.

*Mines and mining — Coal surface support — Waiver — Mining privileges—Parol evidence.*

1. A grant of coal with right to mine and remove the same does not relieve the grantee from liability for surface support in absence of express waiver of such right, or use of words from which an intention to waive clearly appears.

2. A reservation of "the usual mining rights and privileges" does not clearly show an intention to waive the right of support.

3. To determine whether there has been a waiver of the right of support, the intention must be gathered from the language used in the conveyance, and parol evidence to aid in its construction cannot be considered.

Argued May 10, 1921.  Appeal, No. 464, Jan. T., 1921, by defendant, from decree of C. P. Fayette Co., No. 963, in equity, for injunction, in case of Walker D. Hines, Director General of Railroads, operating the Connellsville & Monongahela Railway Co., and the Monongahela Railway Co., v. Union Connellsville Coke Co.  Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Bill in equity for injunction.  Before REPPERT, J.

The opinion of the Supreme Court states the facts.

The court awarded an injunction.  Defendant appealed.

*Error assigned,* among others, was decree, quoting it.

*D. W. McDonald,* with him *James R. Cray,* for appellant.—A conveyance of the coal carries with it the right of access thereto, including the use of so much of the surface for that purpose as may be necessary: Turner v. Reynolds, 23 Pa. 199; Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; Baker v. R. R., 219 Pa. 398; Oberly v. Coke Co., 262 Pa. 83.

While a mine owner is in actual operation and before its exhaustion he may use the chambers or passage ways from which the coal has been removed for the transportation of coal from adjoining tracts: Lillibridge v. Coal Co., 143 Pa. 293; Webber v. Vogel, 189 Pa. 156; New York, etc., Coal Co. v. C. & I. Co., 225 Pa. 211; Westerman v. Salt Mfg. Co., 260 Pa. 140.

*W. J. Sturgis,* with him *S. J. Morrow* and *Dean D. Sturgis,* for appellees, cited: Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492; Weaver v. Coal Co., 216 Pa. 195.

PER CURIAM, July 1, 1921:

Plaintiff holds title to the surface of a tract of land by deed reserving to the grantor all the coal "with the usual

mining rights and privileges." Subsequent to this conveyance, the grantor conveyed the minerals to defendant's predecessor in title, without liability for surface support, expressly subject, however, to the earlier conveyance of the surface in which the grantors "reserved the coal with the usual mining rights and privileges." Defendant having caused a subsidence of the surface in mining the coal and consequent damage to plaintiff's railroad tracks, the court below granted an injunction perpetually restraining defendant from further mining under the land in such manner as to injure the surface or interfere with the safe operation of plaintiff's railroad.

A grant of coal with right to mine and remove the same does not relieve the grantee from liability for surface support, in absence of express waiver of such right or the use of words from which an intention to waive clearly appears. This rule has at no time been departed from: Jones v. Wagner, 66 Pa. 429; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492, 496, 497; Penman v. Jones, 256 Pa. 416, 422, 433, and cases cited. A reservation of "the usual mining rights and privileges" does not clearly show an intention to waive the right of surface support: Weaver v. Berwind-White Coal Co., 216 Pa. 195, 201, 202; Allshouse's Est., 23 Pa. Superior Ct. 146. In determining whether the particular words in question are to be construed as necessarily implying a waiver of the right of support, the intention must be gathered from the language used in the conveyance, and parol evidence to aid in its construction cannot be considered: Stilley v. Pittsburgh-Buffalo Co., supra.

We fully concur in the conclusions reached by the court below and affirm its decree at appellant's costs.