# Heningkamp, Appellant *v.* Valley Smokeless Coal Co.

*Mines and mining—Lease of coal—Release of damages for injuries to surface—Construction of lease—Parol evidence—Payment for use or damage of surface.*

1.  A deed must be construed if possible so as to give effect to all its terms and conditions.

2.  In determining whether the particular words of a mining lease are to be construed as necessarily implying a waiver of the right of support, the intention must be gathered from the language used in the conveyance, and parol evidence to aid in its construction cannot be considered.

3.  Where a mining lease conveys all the minerals under a tract of land with a full release of damages for injuries to surface from mining out the coal in a proper manner, a subsequent parenthetical clause, providing that "all surface occupied or so used or damaged shall be paid for," will be construed as relating to another provision of the lease which gave the lessee the right to build roads and drains "upon the surface" and the right to erect buildings thereon for mining purposes, and, the right to deposit dirt "upon the surface," and the right to convey coal "over said lands from the adjoining lands."

Argued April 19, 1922.  Appeal, No. 23, Oct. T., 1922, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1918, No. 502, for defendant n. o. v., in case of William D. Heningkamp v. Valley Smokeless Coal Co.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for injuries to surface by mining operation. Before REED, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,534.  Judgment for defendant n. o. v.  Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*James A. Graham* of *Graham & Yost,* for appellant, cited Meigs v. Lewis, 164 Pa. 597; Hogg's App., 22 Pa. 479.

*Edward Hopkinson, Jr.,* with him *Charles S. Evans,* for appellee, cited Wood v. Paul, 250 Pa. 508; Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614.

OPINION BY MR. JUSTICE SCHAFFER, May 8, 1922:

This action was brought by the surface owner of land, to recover damages from the owner of the underlying coal, for injuries to the surface, resulting from mining operations; the verdict was in plaintiff's favor. Judgment was entered for defendant notwithstanding the verdict; plaintiff appeals.

The dispute arises out of the wording of the granting clause in the deed from Kaufman (owner of both surface and coal) to Cauffiel, defendant's predecessor in title, conveying all the minerals underlying the tract of land subsequently acquired from Kaufman by plaintiff, from whose deed the grantor expressly excepted and reserved the coal and minerals, reciting that they had already been conveyed to Cauffiel. The latter conveyed the coal and minerals to defendant.

The granting clause in the deed, after conveying "All the minerals underlying or being in" the tract of land, particularly describing it, proceeds: "Together with the right of ingress and egress, into, upon and from the said lands, for the purpose of examining and searching for and of mining, manufacturing and preparing the said minerals for market, and taking, storing, removing and transporting the same; and for these purposes to build roads and drains upon or under the *surface* of said land and to locate and erect such buildings or other structures, with the necessary curtilage as may be necessary and proper for the convenient use and working of the mines or works, with a right to deposit the dirt or waste of the said mines or works upon the *surface* convenient

thereto. And the said parties of the first part, does [do] hereby release all and every claim or claims for damage to the said land, caused by opening or working of said mines in the proper manner, together with the right to convey coal and other minerals (Provided however that all *surface* occupied *or so used or damaged* shall be paid for at reasonable price or damages therefor but not to exceed eighty dollars per acre and the replacing or full cost of damages to improvements if any thereon) through and *over* said lands from adjoining lands."

The claim of the plaintiff, if any he has, rests in the parenthetical clause above quoted, which, he contends, gives him the right to recover damages to his surface. He admits in his printed brief that there is "no question that the first part of the mining rights contained a full release from damages."

When the parenthetical clause is put in its proper relation to the context, difficulties in meaning and construction disappear. Admittedly there was a full release of damages for injuries to the surface in these words, which are in the printed form of the deed (the parenthetical clause is in writing) "And the said parties of the first part does [do] hereby release all and every claim or claims for damages to the said land caused by opening or working of said mines in the proper manner, together with the right to convey coal and other minerals [here is interpolated the parenthetical clause] through and over said lands from adjoining lands." Reading the parenthetical clause "Provided however that all surface occupied or so used or damaged shall be paid for at reasonable price or damages therefor but not to exceed eighty dollars per acre and the replacing or full cost of damages to improvements if any thereon" after the last sentence, which its interpolation disarranges, it becomes manifest that it has relation to the provisions of the granting clause providing for the building of roads and drains "upon the surface," and the right to erect buildings and other structures for the convenient working of

the mines and the right to desposit the dirt or waste from the mines or works *"upon the surface,"* and the right to convey coal and other minerals *"over* said lands from adjoining lands." With these provisions, the language of the parenthetical clause, "all surface occupied or so used or damaged shall be paid for" etc., fits in entire accord. Thus read, the entire clause operates as it should, the full release of damages for mining out the coal in a proper manner (there is no allegation that the coal was not properly mined), and the stipulation that, for the occupation or damage to surface by building roads and drains thereon, the erection of buildings and other structures necessary for the working of the mines, the depositing of dirt or waste on the surface and the conveying of coal over the lands from adjoining lands, the owner thereof shall be compensated. A deed must be construed if possible to give effect to all its terms and provisions: Wharton v. Fisher, 2 S. & R. 178; Ludwig v. Leonard, 9 W. & S. 44.

As there is no ambiguity in the deed when properly read, other matters argued, such as the exclusion of testimony intended to explain its provisions, drop out of consideration: Harvey v. Vandegrift, 89 Pa. 346. Furthermore, "In determining whether the particular words in question are to be construed as necessarily implying a waiver of the right of support, the intention must be gathered from the language used in the conveyance, and parol evidence to aid in its construction cannot be considered:" Hines v. Union Connellsville Coke Co., 271 Pa. 219; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492.

The court properly determined that the deed barred plaintiff's right to recover damages for injuries to his land and the judgment is affirmed.