# .Wood's Estate.

*Wills—Legacies—Intention—Parol evidence—Circumstances of testator's acts—Specific legacies—Corporate stock in different companies—Right of selection.*

1. Testator's intention must be derived from the will free from artificial or technical construction, if it is at all possible to reach such intention without it; in arriving at the intention, the circumstances surrounding testator's acts, his condition, and the amount and character of his property, must be taken into consideration.

2. A legacy is specific when there is property in kind to fill it, the bequest of a particular thing, specified and distinguished from all others of the same kind, which would immediately vest; where it is specific, it can be satisfied by delivering only the particular thing.

3. Where a testator owns stock in two or more companies and bequeaths a certain number of shares in either or both companies, the legatee has the right to select from either or both the stock he prefers, so long as there is equality among legatees.

4. A testator before his death agreed to a consolidation between two companies in which he was interested. Before the agreement was performed and shortly before his death he executed his will wherein he directed his interests not to be sold during the life of his wife; after his death he gave to four persons shares in blocks of 1,000 each, and in another paragraph directed that 2,000 shares, not otherwise disposed of, be sold. There was not sufficient stock in either company prior to consolidation to answer the several bequests, but there was an ample number of shares in the consolidated company to so answer. *Held,* (a) that the legatees took stock of the consolidation, or the originals converted, as specific legacies; (b) parol evidence was admissible to identify the subject of the gift.

5. In such case, when testator died, his personal representatives found the shares of stock of the two mentioned companies impressed with an obligation created by the owner during his life, which, though it did not destroy the identity of the stock as stock of the particular corporation they represented, charged and affected them with the right and power in the trustee to complete their transformation by fulfilling the terms of the agreement of consolidation as executed by testator; and, furthermore, it did not allow the executors to commit any act that might interfere with or embarrass the successful completion of the consolidation as planned.

Testator knew this, and that the stock of the two original companies could not be sold until his wife's death. It is therefore clear that he did not intend to place the ownership in one who might decide not to proceed with the consolidation agreement, nor that the trustee should hold the identical stock for delivery on the wife's death, thus in effect postponing the consolidation.

Argued January 15, 1920. Appeal, No. 171, Jan. T., 1920, by Catherine S. Kulling and the Provident Life & Trust Co., executors under the will of William Brewster Wood, deceased, from decree of O. C. Phila. Co., Jan. T., 1904, No. 623, dismissing exceptions to adjudication in estate of Alan Wood, Jr., deceased. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication of GEST, J.

The opinion of the Supreme Court states the facts.

The court, in an opinion by ANDERSON, J., 28 Pa. Dist. R. 755, dismissed the exceptions to the adjudication. Catherine S. Kulling and the Provident Life and Trust Co., executors of William Brewster Wood, appealed.

*Error assigned* was decree dismissing exceptions to adjudication.

*Charles C. Norris,* of *Hepburn, Dechert & Norris,* and *H. Gordon McCouch,* with them *Sheldon F. Potter,* for appellants.—The legacies were specific: Blackstone v. Blackstone, 3 Watts 335; Walker's Est., 3 Rawle 229; Fidelity Ins. T. & S. Dep. Co.'s App., 108 Pa. 492; Snyder's Est., 217 Pa. 71.

The bequest being specific the legatees have the right of selection: Mizener's Est., 262 Pa. 62.

The legatees are entitled to the stock which represents the original specified shares at testator's death: Fidelity Ins. T. & S. Dep. Co.'s App., 108 Pa. 492.

There is no latent ambiguity to warrant the introduction of parol evidence: Mizener's Est., 262 Pa. 62; Clarke's Est., 82 Pa. 528; Drinker's Est., 13 Phila. 330; Sponsler's App., 107 Pa. 95; Van Leer v. Van Leer, 221 Pa. 195.

*F. B. Bracken,* with him *Clement B. Wood* and *C. E. Morgan, 3d,* for appellees.—Testator intended that the legatees of the 4,000 shares under item V, should receive that number of shares of the consolidated company: Hermann's Est., 220 Pa. 52; Shaffer's Est., 262 Pa. 15.

OPINION BY MR. JUSTICE KEPHART, May 3, 1920:

Alan Wood, Jr., the testator, on the 21st of November, 1901, owned 3,000 shares of stock of the Alan Wood Company and had subscribed for 2,500 shares of stock of the Alan Wood Iron & Steel Company, on which he had paid, at the time of his death in 1902, $215,000. The latter company was incorporated on November 19, 1901, and he was a director in each company and vice-president of the Iron & Steel Company. On November 21st the officers and several directors, as such and as individuals, representing nine-tenths of the capital stock of these two companies, entered into an agreement of consolidation, the shares of stock of the Alan Wood Iron & Steel Company to be exchanged share for share and the Alan Wood Company one share for one and one-fourth shares of the new concern.

In December, 1901, Alan Wood executed his will. In it the foregoing interests, which were a part of the residuary estate, were to be held as follows: "I do not wish the shares of stock or interests that I may hold in the 'Alan Wood Company' or 'Alan Wood Iron & Steel Company' to be sold during my wife's lifetime...... After the decease of my wife, Mary Harry Wood, I direct that four thousand shares of the stock of the 'Alan Wood Company' or the 'Alan Wood Iron & Steel Company' or either of said Companies, or both of them

(above mentioned) shall be disposed of, as follows:—I give and bequeath" to the four persons mentioned above in blocks of 1,000 shares each, nephews, or nieces, or near relatives. The widow died in December, 1918. The legatees claim the right to select their legacies out of the stock of either of the two-named corporations, or— if not so entitled to select, as the legacy is specific—they maintain they have the right to claim the proportionate increase of any one of the corporations in the new company.

When the testator died, his personal representatives found the shares of stock of the two mentioned companies impressed with an obligation created by the owner during his life, which, though it did not destroy the identity of the stock as stock of the particular corporation they represented, it charged and affected them with the right and power in the trustee to complete their transformation by fulfilling the terms of the agreement of consolidation as executed by the testator; and, furthermore, it did not allow the executors to commit any act that might interfere with or embarrass the successful completion of the consolidation as planned. In applying the terms of the will to the property thus ascertained, did the testator intend that the legatees named should have the right to select from the companies named their proportional equivalent, particularly of the Alan Wood Company (as it was the more valuable of the two); or did the testator treat the stock as in fact converted and direct the legatees to take specific legacies as under such conversion or consolidation? Where a testator owns stock in two or more companies and bequeaths a certain number of shares in either or both companies, the legatee has the right to select from either or both the stock he prefers, so long as there is equality among legatees: Mizener's Est., 262 Pa. 62. A gift is specific when there is definite property in kind to fill it; the bequest of a particular thing, specified and distinguished from all others of the same kind, which would immediately vest:

Walker's Est., 3 Rawle 229, 237; but where it is specific, it can be satisfied by delivering only the particular thing. The testator's intention must, of course, be derived from a will free from artificial or technical construction, if it is at all possible to reach such intention without it: Shaffer's Est., 262 Pa. 15; and, in arriving at this intention, the circumstances surrounding the testator's acts, his condition, the amount and character of his property, must be taken into consideration: Hermann's Est., 220 Pa. 52, 58.

Granting that the bequest was specific, as hereinafter considered, the will intended the legatees to have absolute ownership of the specific thing (stock) after the death of the wife; that possibility could not arise at the death of the testator under the condition in which he left the stock of the two companies. They were encumbered by an agreement that would and did eventually destroy their identity and the testator knew this at the time he made his will; he also knew that he did not have the absolute ownership of these stocks, as he had agreed with others to exchange them and could have been compelled to complete his undertaking; he knew this conversion would be completed possibly before his death, or within a reasonable time thereafter, and the trustees would not be able to hold the stock of the two companies until his wife's death. It would be converted, and, as converted, by the terms of the will it was not to be sold until the wife's death. It is clear the testator did not intend to place the ownership in one who might decide not to proceed with the agreement, nor did he intend that the trustee should hold the identical stock for delivery on the wife's death, in effect postponing the consolidation. As a specific legacy the specific thing was to be delivered at the time appointed.

His will recognizes the doubtful character of his ownership or title and his inability to treat the stocks under contract of sale as though they were absolutely his own. He speaks of them as his "interests," and he gives 4,000

shares of either or both of them, not knowing just where they stood. He knew that he did not own that number in either of the companies; and, later on, in the first paragraph of the sixth item, clearly evidencing his intention to treat the stock as consolidated or converted, he desires the executors to "sell the two thousand shares or more of stock in the 'Alan Wood Company' or the 'Alan Wood Iron & Steel Company,' not otherwise disposed of, to the highest bidder." Here is a disposition of 6,000 shares, or more, when he originally owned but 5,500 shares in the two companies; but in the new company, by his agreement, he received 6,250 shares. The fact that he makes no apparent distinction between shares worth $100 and $125 and that all are treated alike, shows an evident intention by testator to treat the subject of his gift as the stock contemplated by the agreement of consolidation. The gift was specific in that it disposed of identified property owned by the testator, consisting of his interests in the two companies, as they should emerge from consolidation, represented by shares of stock in the new company upon its formation. This was executed as agreed on and the new shares duly issued.

The will might be thus construed from its four corners, and, if any doubt existed as to the nature of the gift intended from the expressions used in the will, parol evidence to identify the subject of the gift was admissible: 1 Jarman on Wills, 379. When this was given, as here, it shows beyond question that the testator had in mind stock of the consolidated companies.

The decree of the court below is affirmed.