*Decedents' estates—Wills—Bequests—Specific and general devises—Construction.*

A legacy is presumed to be general rather than specific, and the mere fact that the testator, in a gift of stock, gives exactly the amount of stock he has in hand, is not sufficient to overcome this presumption.

Where a testator bequeathed to his wife "$5,350.00 par value of the bonds of the United States of America," commonly called "Liberty Bonds" which he owned when he made his will, but subsequently

**546    ESTATE OF JAMES McGAW, Deceased.**

sold, the bequest is a general one, and is not adeemed by the sale of the bonds.

Argued May 6, 1925. Appeals, Nos. 31, 32 and 33 April T., 1925, by Mary Reed McGaw, Josephine McGaw and Anna Elizabeth McGaw, from the decree of O. C. Allegheny County, January T., 1924, No. 320, dismissing exceptions to decree of distribution in estate of James McGaw, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before MITCHELL, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptants appealed.

Error assigned was the decree of the court.

*Robbin B. Wolf*, of *McCreery & Wolf*, for appellants.—A will should be construed in the practical sense rather than the technical: Arnold v. Muhlenberg College, 227 Pa. 321; Woepler's Appeal, 126 Pa. 562; Clarke v. Johnston, 18 Wall. (U. S.) 493.

The bequest of stock and of money to the same legatee makes the bequest of stock specific: Trustees of the Unitarian Society, etc. v. Tufts, 151 Mass. 76; Johnson v. Goss, 128 Mass. 433; New Albany Trust Co. v. Powell, 29 Indiana App. 494; Douglass v. Douglass, 13 App. Cases D. C. 21; Metcalf v. Parish, etc. 128 Mass. 370; White v. Winchester, 6 Pick. 48.

*W. W. Stoner*, and with him *M. W. Stoner*, of *J. M. Stoner & Sons*, for appellee.—A legacy of stock of whatever denomination is not *prima facie* specific, but is a general legacy; although the testator may have had stock of the description mentioned sufficient to answer that bequest: Hawkins on Wills; 18 Am. &

Eng. Ency. of Law, 2d Ed. 714; Sponsler's Appeal, 107 Pa. 95.

The law leans against specific legacies and to general ones: Blackstone v. Blackstone, 3 Watts 335; Ludlam's Estate, 13 Pa. 187; Balliet's Appeal, 14 Pa. 451; Ferreck's Estate, 241 Pa. 340.

OPINION BY KELLER, J., July 9, 1925:

The testator bequeathed to his wife "$5,350 par value of the bonds of the United States of America, commonly called 'Liberty Bonds.'" The sole question raised by these appeals is whether this bequest was general or specific. When he made his will testator owned Liberty bonds in that amount, but had sold them all before his death.

The testator did not refer to the bonds as "my bonds," or "bonds which I hold," or "own," or "possess": Blackstone v. Blackstone, 3 Watts 335; Snyder's Est., 217 Pa. 71; Ludlam's Est., 13 Pa. 187; nor is there anything in the rest of the will showing a clear intention on the part of the testator to bequeath to his wife the very and identical bonds owned by him, as in Ferreck's Est., 241 Pa. 340. The mere possession of such bonds at the date of the will, equal in amount to the bequest, without words of reference to fix their identity as the subject of bequest, has uniformly been construed to come short of it: Blackstone v. Blackstone, supra, p. 339; "The rule is that a legacy is presumed to be general rather than specific, and that the mere fact that the testator in his gifts of stock gives exactly the amount of stock he has in hand is not sufficient to overcome this presumption": Ferreck's Est., supra, p. 342. See also Sponsler's App., 107 Pa. 95. There is not a line in this will to indicate the intention of the testator to make specific bequests of his bonds and stocks, except the fact that in every instance but one he gave and bequeathed the exact amount of such bonds and stocks owned by him at the date of the will; but, as we have just seen, our Supreme Court has ruled that this

548     ESTATE OF JAMES McGAW, Deceased.

fact alone, without something more, is not sufficient to overcome the presumption that the bequest is general and not specific. On the other hand there is internal evidence in the will that the testator valued each security bequeathed at a certain amount in money and gave additional or pecuniary legacies to equalize the bequests according to the proportions determined upon by him.

It is of no importance that the executors in preparing their "audit statement for distribution," referred to certain of the bequests of stock as "specific." That did not make them so. They also referred to legacies of money to these appellants as "specific legacies," but that did not change their true character as general pecuniary legacies. Under the decisions cited above all of the bequests of stocks and bonds were general and should have been so treated.

The appeals are dismissed at the costs of the respective appellants.