Lenhart's Estate.

Argued March 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George I. Bloom,* of *Bloom & Bloom,* with him *Shelby, Ray & Coldren,* for appellants.

*Robert B. Stauft,* of *Robinson, Robinson & Stauft,* for appellees.

OPINION BY MR. JUSTICE PARKER, April 13, 1942:

This is an appeal from the dismissal of exceptions to a decree of distribution in the estate of Leonard A. Lenhart, and involves the construction of two clauses of the will which raise separate and independent questions.

1. The testator died in December, 1938, after having made his last will and testament dated May 3, 1906, wherein he bequeathed $25,000 to his sister, Lizzie B. McCormick, and then provided as follows: "I direct my executor hereinafter named to pay the balance of my subscription to the Capital stock of the Century Coke Co. on Ten Thousand dollars making my interest in said Company Twenty-five thousand dollars. This stock when the assessments hereinbefore provided is paid I give and bequeath to my brother Charles E. Lenhart." The appellants, representatives of Charles E. Lenhart who predeceased testator, claimed in the court below, as they do now, that this legacy to Charles E. Lenhart was general or demonstrative and that they were entitled to receive $25,000 either from the general assets of the estate or from the rentals and royalties arising under the lease referred to in the next paragraph. The court below, properly we think, held that this legacy was specific.

Shortly after execution of his will, testator paid the balance of his subscription to stock of the Century Coke Co. and certificates for 250 shares with a par value of $100 a share were issued to him October 15, 1906. In 1933 he acquired 250 additional shares so that he died possessed of 500 shares. It is conceded that this stock was of no value at the date of decedent's death. Among the assets of the estate were several notes of the Coke

Company. The administratrices entered judgment on these, issued execution, bought in the property of the Coke Company on behalf of the estate and with the approval of court leased it to Hillman Gas Coal Company.

"A specific legacy is a gift of a specific thing, or of some particular portion of the testator's estate, which is so described by the testator's will as to distinguish it from other articles of the same general nature" : 4 Page on Wills p. 112. Also see *Wood's Estate,* 267 Pa. 462, 110 A. 90; *Snyder's Est.,* 217 Pa. 71, 73, 66 A. 157. While it is true that the presumption of intention is "favorable to general legacies in the first instance, and that it requires clear proofs of a restrictive intention to repel it" (*Blackstone v. Blackstone,* 3 Watts 335; *Wilson's Est.,* 260 Pa. 407, 411, 103 A. 880), the language of this testator in no uncertain terms describes a particular block of stock in a particular corporation. It is particular stock in that corporation which he had by his subscription undertaken to purchase and pay for, and it is that stock which he bequeathed to his brother.

An examination of our own cases dealing with gifts of stocks and bonds confirms our conclusion. A gift of a certain number of shares of stock without indicating any specific lot of stock is not prima facie specific but is a general legacy even if the testator owned the exact number of shares of stock (*Snyder's Est.,* supra, p. 75; 4 Page on Wills p. 122), but a reference to a stock as belonging to the testator, as by the use of the word "my", shows that the gift is specific: *Horn's Est.,* 317 Pa. 49, 175 A. 414; *Crawford's Est.,* 293 Pa. 570, 574, 143 A. 214. The testator described the subject of the bequest by referring to "the balance of my [his] subscription to the Capital stock of the Century Coke Co . . . Twenty-five thousand dollars" and gave "this" [that] particular stock to Charles E. Lenhart. The words "Twenty-five thousand dollars" were used merely to identify the subscription to which he referred.

The appellants, after citing the general principle that in construing a will the testator's intention should

be determined after a consideration of the will as an entire work, called attention to the inequality that would be created if the sister received $25,000 and the brother received worthless stock. The total gifts to the sister and her children and the brother and his children, as viewed when the will was made, were not equal, as an examination of the testament shows. Even if an inequality was created by subsequent events, it would not be sufficient to overcome the plain words of the testament. The same situation existed in *Crawford's Est.*, supra, p. 577, and we there said: "It is a sufficient answer to say that the will so provides and it cannot be disregarded." We can only conclude that this bequest was specific.

2. The testator, after making other devises and bequests, by a residuary clause in his will provided: "Lastly I give and bequeath the balance and residue of my estate to the children of my sister Lizzie B. McCormick and the children of Charles E. Lenhart share and share alike." The court below held that all the children took per capita and not per stirpes. Appellants argue that the children should take per stirpes. The rule generally applicable is thus stated in 2 Jarman on Wills 756: "Where a gift is to the children of several persons, whether it be the children of A and B, or the children of A and the children of B, they take per capita, not per stirpes." This principle was approved by us in *Garnier v. Garnier*, 265 Pa. 175, 108 A. 595, and in *Davis's Est.*, 319 Pa. 215, 179 A. 73. It is true that in each of those cases we said that "this mode of construction will yield to a very faint glimpse of a different intention in the context", but we find no such different intention present here. On the contrary, we find in the circumstances additional reasons for applying the rule.

The testator passed over his brother and sister, parents of the children who were to take whether the parents were alive or not. This would tend to show that the children were treated as individuals and not as representatives of their parents: cf. *Davis's Est.*, supra, p.

218; *Scott's Est.,* 163 Pa. 165, 169, 29 A. 877; *Risk's Appeal,* 52 Pa. 269, 271. Again the legatees designated in this clause were all related to testator in the same degree and by the intestate laws would be entitled to take per capita, if inheriting from him: Act of June 7, 1917, P. L. 429, §9 (b) (20 PS§63). Finally, the testator by the ninth paragraph of his will (a bequest not now in controversy) gave a remainder after a life interest "to be equally divided *between* the children of my sister Lizzie B. McCormick and the children of my brother Charles E. Lenhart" (italics supplied), thereby showing that testator or his scrivener knew how to pass an interest per stirpes. The use of the word "between" in the former clause was sufficient to make the division there per stirpes: *Ihrie's Est.,* 162 Pa. 369, 29 A. 750; *Ghriskey's Est.,* 248 Pa. 90, 93 A. 824. The testator apparently appreciated the proper use of the word "between" and used it in the ninth paragraph to effect a division per stirpes but omitted it in the residuary clause. The presumption is in favor of the proper and correct use of words. The court below reached a correct conclusion.

*Fissel's Appeal,* 27 Pa. 55; *Minter's Appeal,* 40 Pa. 111, and *Hiestand v. Meyer,* 150 Pa. 501, 24 A. 749, relied on by appellants, are each cases where a different intention appeared from the context. The Hiestand case involved the interpretation of a will which contained contradictory provisions, if such provisions were read literally and was decided on its own peculiar wording.

The decree of the court below in each of the above appeals is affirmed at the costs of the respective appellants.