## Gallagher Estate

*William F. Farrell,* for petitioner.

*Robert J. Ruane,* for respondent.

BRADY, P. J., June 24, 1949.—Decedent, Mary Gallagher, died September 23, 1940, seized of real estate located in the City of Scranton, Pa. By her will dated April 16, 1940, and probated October 4, 1940, she devised this real estate to her daughter, Mary Judge, and also named her executrix of her estate. Her will provides:

"2. I give and devise my house and lot situate at No. 193 Parker St., in the City of Scranton, Pennsyl-

vania, unto my daughter, Mary Judge, her heirs and assigns forever, on condition, however, that my said daughter shall support, maintain and provide a home for my son, Joseph Gallagher, for and during the term of his natural life."

A petition for citation was issued July 21, 1948, at the request of the Commonwealth of Pennsylvania, Department of Public Assistance, on Mary Judge, devisee of the real estate asking for a charge on this real estate of $1,945.80 for the support and maintenance expended by the Department of Public Assistance for Joseph Gallagher, son of decedent, the claim covering the period from September 28, 1940, to July 8, 1947. Petitioner is acting on behalf of Joseph Gallagher, by authority of the Support Law of June 24, 1937, P. L. 2045 (62 PS §1975) under section 25 of the Fiduciaries Act of June 7, 1917, P. L. 447. Hearing was held on the petition after answer and replication were duly filed. After petitioner presented its testimony respondent moved to dismiss the citation for the reason that the evidence is legally insufficient to establish a breach of the condition imposed on respondent by the will. The complete files of the Department of Public Assistance relative to the assistance given Joseph Gallagher, son of decedent, were offered in evidence. These records indicate that at no time during the period of assistance involved in this issue did the Department of Public Assistance allow any assistance for shelter or rent. All the assistance involved included clothing, food and other personal items of support. No allowance for shelter was made by the Department of Public Assistance because of the terms of the will in paragraph 2.

In order to allow petitioner the relief prayed for as a charge on the real estate we must find that the portion of paragraph 2 of the will which states "support, maintain and provide a home for my son, Joseph Gal-

lagher" included support of Joseph Gallagher personally, such as food, clothing, as well as maintaining a home for him. We cannot agree that decedent meant to include support of Joseph Gallagher as well as the maintenance of a home for him. To arrive at the intention of testatrix we can consider the situation of the parties when the will was made in 1940. The records of the Department of Public Assistance show that decedent herself, her son Joseph Gallagher and her daughter Mary Judge, all lived in the same property and that they were receiving assistance; that the husband of Mary Judge had been employed at a meager salary on the Works Projects Administration and later at a part-time job as plumber.

The presumption is in favor of the proper and correct use of the words: Lenhart's Estate, 344 Pa. 358. A will must be read in the ordinary and grammatical sense of the words employed, unless some obvious absurdity or some repugnance or inconsistency with the declared intention of testator as extracted from the whole should follow from the reading of it: Riegel et al. v. Oliver et al., 352 Pa. 244. A transposition of words in a will may be used to clarify the intent of the testator, but not to determine the intent when such intent cannot otherwise be found: Conner's Estate, 346 Pa. 271. The will does *not* say support and maintain Joseph Gallagher; it states "support, maintain and provide a home for my son Joseph Gallagher". The expression "shall *support, maintain and provide*" has the same object, namely, "*home*". Decedent, if she wanted her son to receive support for himself could have said so by saying, "shall support my son Joseph, and maintain and provide a home for my son, Joseph". We cannot read this intention into the will in view of the situation of all parties at the date of the execution of the will. Testatrix knew her daughter, Mary Judge, and her husband were in no financial condition to sup-

port decedent's son, Joseph, but she did believe that her daughter could provide a home or a place of residence by requiring her to allow him to live in the property as was the case prior to the execution of the will. In our opinion it was on this condition that decedent made the devise of the property to her daughter, Mary Judge, and since the record discloses that the Department of Public Assistance did not provide assistance for shelter for Joseph Gallagher there is no claim by this agency that can be made a charge on the real estate of decedent, which has been devised to her daughter.

And now, June 24, 1949, the motion to dismiss the citation is granted and the citation is dismissed.