## Rice Estate

*Joseph I. Diamond,* for accountant.

*Robert W. Lentz* and *John A. Featherman,* for legatees.

KURTZ, P. J., June 27, 1972.—This testatrix, who executed her will on November 8, 1967, owned 80 shares of the stock of the Upper Main Line Bank on that date. She disposed of those shares in five paragraphs in her will by bequeathing "twenty (20) shares of my stock in the Upper Main Line Bank" to each of two granddaughters and a great granddaughter and the remaining 20 shares thereof, 10 shares each, to a great granddaughter and a great grandson. The same language was used in making all of these bequests. The residue of her estate was given to two of the granddaughters named in the foregoing bequests and a third granddaughter who was not so favored and to the issue of any of those named who should die before she did.

She died December 15, 1970, at the age of 82. The stipulation of counsel filed of record specifies that on "March 13, 1970, the Upper Main Line Bank merged with C. P. Financial Corp., and there was a five-for-one stock exchange together with a five percent (5%) stock dividend on the split shares. Testatrix exchanged her eighty (80) shares of the Upper Main Line Bank stock and received four hundred and twenty (420) shares of C. P. Financial Corp. stock, which were the only shares of stock among testatrix' possession at the time of her death."

The question we must decide is whether the bequests of Upper Main Line Bank stock were adeemed by testatrix' exchange of that stock for stock of another corporation.

"An *ademption* occurs where a legacy is *specific* and the thing bequeathed is disposed of by testator in his lifetime. There is no ademption, however, where the legacy is *general* . . . A *specific legacy* has been defined as a gift by will of a specific article or part of testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing: Snyder's Estate, 217 Pa. 71, 66 A. 157; Wood's Estate, 267 Pa. 462, 110 A. 90; Lenhart's Estate, 344 Pa. 358, 25 A.2d 725. A general legacy is one without such words of identification. A specific legacy is adeemed where the thing bequeathed was not a part of testator's estate, whether because it was sold, exchanged, or converted into another form: Hoke v. Herman, 21 Pa. 301; Pruner's Estate, 222 Pa. 179, 70 A. 1000; Horn's Estate, 317 Pa. 49, 175 A. 414; Wood's Estate, 267 Pa. 462, 110 A. 90; Blair et al. v. Shannon et al., 349 Pa. 550, 37 A.2d 563. A general legacy is not liable to ademption. In case of a general legacy of stocks or bonds, if none are owned by testator at the time of

death, the legatee may elect to take the value in cash or have the fiduciary purchase them for him: Sponsler's Appeal, 107 Pa. 95; Snyder's Estate, 217 Pa. 71, 66 A. 157; Estate of James McGaw, Deceased, 85 Pa. Superior Ct. 545.

"A legacy is presumed to be general rather than specific: Blackstone v. Blackstone, 3 Watts 335; Ludlam's Estate, 13 Pa. 187; Balliet's Appeal, 14 Pa. 451; Ferreck's Estate, 241 Pa. 340, 88 A. 505; Lenhart's Estate, 344 Pa. 358, 25 A.2d 725; Estate of James McGaw, Deceased, 85 Pa. Superior Ct. 545; Connolly Estate, 166 Pa. Superior Ct. 383, 71 A.2d 856": McFerren Estate, 365 Pa. 490, 492, 493.

In Blackstone v. Blackstone, 3 Watts 335, 337, Chief Justice Gibson said:

"It is certainly now held for clear law, that a legacy properly specific, and not merely specific in its nature by being charged on a specific fund, is adeemed, or, to speak more properly, extinguished, by any change of its state or form, effected, not by fraud or operation of law, but by the act of the testator, whatever be its purpose, which makes the *corpus* of the legacy, at his death, a different thing from what is indicated by the terms of the description." (Emphasis in the original.)

Thus, the answer to our question turns on whether the bequests now before us are general or specific. In our view, they are of the latter class.

In Walls v. Stewart, 16 Pa. 275, 281, the Supreme Court said:

"The distinction (between general or demonstrative and specific legacies) seems to be this:—If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, it is considered demonstrative, and the legatee will not be disappointed though the fund totally fail. But where the gift is of the fund itself, *in whole or in part, or so*

*charged upon the object made subject to it as to show an intent to burden that object alone with the payment,* it is esteemed specific, and consequently liable to be adeemed by the alienation or destruction of the object. In this, as in other questions springing from the construction of wills, the intention of the testator is principally to be ascertained, and it is said to be necessary that the intention be either expressed in reference to the thing bequeathed, or otherwise clearly appear from the will, to constitute a legacy specific." See also Crawford's Estate, 293 Pa. 570, 574. (Italics supplied.)

In Hickman's Estate, 122 Pa. Superior Ct. 377, testatrix bequeathed "my stock in the Bridgeville Trust Company" to four second cousins, "to be equally divided among them." Concerning that bequest the Superior Court said, pages 379 and 380:

"The bequest of the Bridgeville Trust Company stock was specific. Each legatee was to have one-fourth of her stock—three shares each. She put no valuation on this stock, but it was appraised in the inventory at $100 per share . . . If she had disposed of the trust company stock in her lifetime the bequest would have been adeemed: Hoke v. Herman, 21 Pa. 301."

In Snyder's Estate, 217 Pa. 71, the Supreme Court dealt with a situation in which a testatrix bequeathed a bank stock of a designated amount to a named beneficiary. The court held that the bequest was one of money and not of stock and concluded, therefore, that the legacy had not been adeemed when the stock was disposed of by testatrix before her death. However, at page 75 of the court's opinion, it was noted that there was nothing on the face of the bequests to show that any particular shares of bank stock should pass to the legatees. The court said: "The testatrix does not refer to them as 'my bank stock,' or as stock 'which I hold.' "

In the instant case, testatrix was careful to note that she was disposing of "my stock in the Upper Main Line Bank." The bequests thus made are comparable to the one considered by the Superior Court in Hickman's Estate, supra. Thus, all of the legacies pertaining to that stock must be considered as specific gifts of a particular stock. Cf. Neal Estate, 32 D. & C. 2d 322. Because that stock was not a part of her estate on the date of her death, each of those legacies was adeemed under the rules set forth above.