## Leppold's Estate.

Argued April 17, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Francis A. Wolf,* with him *Oscar G. Meyer,* for appellants.

*John A. Metz,* with him *John A. Metz, Jr.,* and *Benjamin R. Rothman,* for appellee.

Opinion by Baldrige, J., July 1, 1941:

The administrator of the estate of Peter F. Leppold, deceased filed his first and final account showing a balance in his hands for distribution of $895.43. Sara McDonald presented a claim for domestic services rendered from February 1931, until decedent's death September 17, 1938.

The auditing judge found that in 1931 the decedent proposed to the claimant, who was living on a neighboring farm with a minor son, her mother and husband, then temporarily confined in the Veterans' Hospital at Aspinwall, that if she and her family would move to his farm and care for the house, his brother Frank, who was an invalid, and himself, he would give her all he had at his death. She accepted the offer, moved to the decedent's home, and performed all the services as stipulated. The decedent failed to make a will or otherwise provide for the carrying out of his part of the contract.

The auditing judge concluded that a contract was proven, services rendered, and he fixed their value at the rate of $5 a week for a period of six years less three months, when claimant was absent from decedent's home, amounting to $1500 and awarded to her on account of this indebtedness the balance in the hands of the administrator. The court in banc dismissed the exceptions filed and affirmed the adjudication. These four appeals followed. They were argued together and will be disposed of in one opinion.

The appellants assert that the claimant did not prove

an express contract, nor show such circumstances from which one could be fairly implied. Roy M. Berkey, the former husband of the claimant, from whom she was divorced January 23, 1934, testified that when he was in the hospital in the latter part of 1933 the decedent visited him and said that he was "tired of batching around, he wanted somebody over there to take care of him and Frank while he was on the farm" and that if his wife, the claimant, would come over and live on the farm he would give her everything that he had; that when the witness left the hospital he was to come and live at the Leppold home. After the wife and husband considered this proposition it was accepted. He was a competent witness as he was not the husband of the claimant when he testified and had no such interest in the outcome of this litigation as would disqualify him: *Groome's Estate,* 337 Pa. 250, 11 A. 2d 271; *Huffman et al., for use v. Simmons et al.,* 131 Pa. Superior Ct. 370, 200 A. 274; Wigmore on Evidence, 3d Edition, Vol. II. §610, p. 745; Henry, Pennsylvania Trial Evidence, 3d Edition, §411, p. 623.

John R. Rowan testified that the decedent, after referring to the large amount of work claimant had to do, said: " '. . . . . . but she will get the place.' " There was ample undisputed testimony of the extensive services of various sorts performed by the claimant in and about the Leppold home. There were witnesses who stated that the value thereof was from $12 to $16 per week. It was incumbent upon the claimant to show the existence of an agreement to pay her for services, the nature and extent thereof, and that they were accepted. A careful consideration of the testimony leads us to the conclusion that she successfully carried this burden.

The learned court below correctly ruled that the measure of damages for a breach of agreement to will real property for services rendered, is the value of the

services performed on faith of the contract, and not the value of the property promised: *Hertzog v. Hertzog's Administrator,* 34 Pa. 418; *Byrne's Estate,* 122 Pa. Superior Ct. 413, 186 A. 187; *Bemis et ux. v. Van Pelt, Exr. et al.,* 139 Pa. Superior Ct. 282, 11 A. 2d 499.

There was no legal implication that the claimant's services were periodically paid for as the agreement provided for the payment at the death of the promisor; or that they were voluntarily performed. She was not a relative of the decedent so that there was no legal or moral duty upon her to devote her time and efforts in discharging personal and household duties for him without compensation: *Szusta v. Krawiec et al.,* 144 Pa. Superior Ct. 530, 19 A. 2d 495.

While a claim of this character should be carefully scrutinized, yet if it is supported by evidence or reasonable inferences therefrom, the findings of fact of an auditing judge confirmed by the court in banc, are as binding as a verdict of a jury and will not be reversed. This is especially true if the decision depends upon the testimony of witnesses whom the trial judge heard and saw: *Boyd's Estate,* 315 Pa. 283, 172 A. 718; *Pusey's Estate,* 321 Pa. 248, 184 A. 844.

Concluding, as we do, that there was enough evidence adduced to warrant a finding of an express contract, that the services were rendered, and their value established, the assignments of error in each appeal are overruled.

The decree of the court below is affirmed, the appellant in each appeal to pay the costs.