## Stafford Estate.

Argued April 12, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

552

*Byron A. Baur,* of *Marsh, Spaeder, Baur & Marsh,* for appellant.

*Clarence T. Bryan,* of *Bryan, Joslin & Bryan,* for appellee.

OPINION BY KELLER, P. J., July 16, 1943:

This appeal is from a decree of the Orphans' Court of Erie County sustaining exceptions to an executor's account and surcharging him (1) with commissions claimed by him in excess of five per centum on the assets received and accounted for, and (2) with the payment of attorney's fees *in excess* of one-half of the commissions allowed.[1]

The decedent left personal estate appraised at $2,204.11, and real estate, appraised for inheritance tax purposes at $8,355. By her will, she gave all of her estate, real and personal, remaining after the payment of her debts and funeral expenses, to her three children, Nelson Stafford, Harry Leroy Stafford and Dorothy Tallman, share and share alike; providing however in item 3, "that all unpaid taxes on my farm now occupied by my son, Nelson Stafford, shall be taken and considered as part of the share of said Nelson Stafford in my estate under this will and shall be accounted for accordingly." In the audit statement prepared by the executor, pursuant to the rules of court, no reference was made to this item of the will, but credit was taken in the account for taxes paid for years 1936, 1937, 1939 and 1940 of $309.95.

---

[1] The usual charge or allowance for attorney's fees in Erie County is one-half of the accountant's commissions.

The personal estate was sufficient to pay all debts, funeral expenses and costs of administering the estate, as appears from the fact that the account as filed showed a balance of $312.27 for distribution under the will.

The will imposed on the executor no duties in connection with the real estate and it was not sold or mortgaged by him.

Mrs. Tallman, testatrix's daughter, filed exceptions to the amount claimed as commissions by the executor, $360, and to the attorney's fees, $180, as being excessive. The exceptions were sustained by the auditing judge, and the accountant was surcharged with $368.57, representing a disallowance of executor's commissions of $245.71—that is, $360 minus $114.29 (5% of $2,285.74, the amount of assets charged in the debit side of the account)—and of attorney's fees of $122.86—that is $180 minus $57.14 (one-half of the commissions allowed). Exceptions filed by the accountant were dismissed by the court, and this appeal by the executor followed.

The record shows nothing difficult in the administration of this estate. The assets were not specially troublesome to collect and no unusual or extra arduous steps had to be taken which would justify an increase over the usual allowance of 5% commissions to the accountant.

"The allowance of a fiduciary's commissions, as well as counsel fees, is primarily within the discretion of the auditing judge, and his action ordinarily will not be disturbed except for clear error." STEARNE, J. in Rosenthal's Est., 41 D. & C. Reps. 292, 293, citing inter alia Huff's Est., 300 Pa. 64 [pp. 67, 68], 150 A. 98; Harton's Est., 331 Pa. 507, 1 A. 2d 292.

The executor attempted to justify the charges in the account by showing numerous conferences with the children and devisees of the decedent relative to a division

of the real estate among them, which resulted in an amicable partition of the real estate. But the executor, as such, had no duty or responsibility resting or imposed on him respecting the division or partition of the real estate. The fact that the executor happened to be an attorney, whose firm acted as his counsel in the settlement of the estate, placed on him, as executor, no duty or responsibility in that respect which would entitle him to charge *commissions* of 3% of the appraised value of the real estate, which is in effect what he did. If he or his firm rendered legal services in connection with the division or partition of the real estate, resulting in its amicable partition or division or conveyance to one or more of the devisees, they must look to the person or persons who employed them for the payment of those legal services. They did not represent Mrs. Tallman. And their services, in this respect, have no place in the account of the executor, administering the personal estate: *Good's Est.,* 150 Pa. 307, 310, 24 A. 623.

For this reason, the testimony of members of the bar in support of the reasonableness of the charges for commissions and attorney's fees is not relevant or material in this issue. It was based on services not connected with an executor's duties.

One matter the court below overlooked. That is the provision in item 3 of the will respecting the unpaid taxes on decedent's farm which were to be charged against Nelson's share. As under the account filed the balance was not sufficient to allow any distribution to him, this matter escaped the attention of the court.

The balance of ........................ $312.27
is increased by the surcharge ............ 368.57
to which must be added taxes paid which are
 chargeable to Nelson ................ 309.95
making a total for distribution of ........ 990.79
which divided by three, makes the share of

each child .......................... 330.26

From Nelson's share must be deducted .... 309.95

leaving the amount payable to him ....... 20.31

If the note of Mrs. Tallman's husband was included in the inventory and appraisement,—which is not printed in the record—its appraised value should be charged against her, since at the hearing she agreed, though somewhat reluctantly, (70a-71a) that it should be taken out of her share.

Subject to these modifications the decree is affirmed at the costs of the appellant.