## Strickler Estate.

Argued March 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Hymen Schlesinger,* with him *Wade K. Newell, Alfred E. Jones* and *A. G. Nesbit,* for appellant.

*Samuel J. Feigus,* with him *Fred L. Brothers* and *E. D. Brown,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1946:

A testamentary trustee appeals from a decree of an orphans' court fixing the amount of her compensation and from the disallowance of credits for alleged expenditures made by her.

A fiduciary's compensation depends upon the extent and character of the labor and the responsibility involved. Fixing the amount of compensation is peculiarly within the discretion of the court below, which in most cases is better able to judge as to the reasonableness of such charges than the appellate court. Unless such discretion is clearly abused the judgment of the court below will not be disturbed. *Huff's Estate,* 300 Pa. 64, 150 A. 98; *Henry's Estate,* 341 Pa. 439, 19 A. 2d 66; *Griffith's Estate,* 96 Pa. Superior Ct. 242; *Beaver Trust Company's Appeal,* 146 Pa. Superior Ct. 545, 22 A. 2d 111; *Stafford Estate,* 152 Pa. Superior Ct. 551, 33 A. 2d 78.

Where a fiduciary claims credit for disbursements made by him, the burden rests upon the fiduciary to justify them. Proper vouchers or equivalent proof must be produced in support of such credits. Accountant's unsupported testimony is generally insufficient: *Romig's Appeal,* 84 Pa. 235; *Hill's Estate,* 250 Pa. 107, 95 A. 426; *Lewis's Estate,* 50 Pa. Superior Ct. 417.

The complete record in this case has not been printed. A copy of the will, the account or the testimony does not appear in the paper books. We have, however, examined the original record and have read the notes of testimony. Testatrix died on October 16, 1930. The estate was placed in trust for testatrix's two children for life with remainder over. She named her daughter, a son and a

278

corporate fiduciary as trustees. It is stated that the corporate fiduciary resigned, leaving the daughter (appellant) and the son surviving trustees. Appellant assumed sole active administration of the trust. The son, the co-trustee, took no part in management. The trust res consists exclusively of real estate, heavily encumbered. It includes an apartment house; a two-thirds interest in a building consisting of six store rooms and three apartments; a service station with apartment and garage; and a one-third interest in another piece of real estate.

In 1939 appellant filed an account of her management from September 27, 1934 to December 31, 1938. She charged herself with receipts of rentals in a sum aggregating $35,564.58 and claimed credit for disbursements of $31,797.58, leaving a balance of $3,767.00. The brother of the accountant, as life tenant, filed 13 exceptions to the account, all of which were dismissed except three (the subject of the present litigation).

The auditing judge surcharged the accountant in the sum of $7,263.73, being $5,778.18 as excessive compensation and for two credits disallowed, one for $997.95 travelling expenses and telephone calls and the other for $487.60 for payments alleged to have been made to accountant's children for services rendered to the estate. The balance as determined by the court was awarded the collector of delinquent taxes and to a mortgage creditor.

As to the assignment of error concerning surcharge for excessive commissions: the auditing judge found that all the rents were collected by a real estate agent and by a daughter of accountant, who each received 5% commission on the account which they respectively collected. It was only the net rents which came into accountant's hands. The duties of the trustee entailed no great responsibility and consisted of supervising the condition of the buildings and arranging for the necessary equipment and repairs and in seeing that the repairs were timely and economically made. Accountant made claim

for compensation for management of the real estate at the rate of $150 per month for each month covered by the account, a total of $7,650.00. After carefully weighing the testimony, the court was of opinion that such charge was excessive. The commission claimed would have consumed 20.44% of the entire amount collected. The court allowed the accountant 5% of the gross receipts of $37,436.40, or $1,871.82, which it deemed to be reasonable compensation considering the extent and character of the labor and responsibility involved. Our review of the testimony convinces us that the court below was amply supported in its judgment; we therefore decline to disturb the decree.

As to the remaining two assignments of error concerning disallowance of credits for disbursement: no vouchers or equivalent proof were produced in support of such claims. The vague and evasive unsupported testimony of the accountant was clearly insufficient to support the credits claimed.

The appeal is dismissed, and the decree of the court below affirmed at appellant's cost.