Argued October 4, 1949.
Joseph F. Connolly died April 20, 1948, leaving a holographic will which bequeathed "To Curtis N. Pfau 25 shares of stock in the Curtis Publishing Company . . ." The legatee is a minor, unrelated to testator. Testator, at his death, owned 21 shares of preferred and 53 shares of common stock in the Curtis Publishing Company. The auditing judge held the bequest was a general legacy and awarded to the legatee's guardian 25 preferred shares, thereby requiring the estate to purchase four additional preferred shares out of its general assets.
Mary C. Connolly, appellant, testator's sister and sole heir and next of kin, filed exceptions to the adjudication contending that (1) testator's use of the word "stock" was ambiguous and the gift must fail for want of certainty, (2) if the gift is unambiguous, the word "stock" was intended to mean common stock and not preferred stock, and (3) the auditing judge erred in invoking the doctrine of selection to a bequest which is concededly not specific. The court en bane (the auditing judge dissenting) dismissed her exceptions and concluded that the bequest was a demonstrative legacy and accorded the legatee the right to select out of the *Page 385 
securities owned by the testator at his death those which were most advantageous to the legatee, to wit, 21 shares of preferred and four shares of common stock. From the dismissal of her exceptions, Mary C. Connolly has appealed.
Testator wrote his will in 1943 while he was in the military service. He previously had been employed by the Curtis Publishing Company. Under a stock purchase plan with that company he had agreed to buy 25 shares of its preferred stock, 63 shares of its common stock and some debentures. He never completed the purchase but subsequent to the execution of his will he elected to take 21 shares of preferred and 53 shares of common stock for which he had already paid.
Appellant's contention that the word "stock" as used in the legacy is ambiguous is without merit for ". . . `a subject exists which satisfies the terms of the will, and to which [it is] perfectly applicable.' . . .": Mizener's Estate, 262 Pa. 62,65, 105 A. 46.
The legacy in question is a general and not a specific legacy. It lacks words characteristic of a specific legacy. The testator did not employ possessive words such as my, which Ihold, etc. Cf. Blackstone v. Blackstone, 3 Watts 335; Horn'sEstate, 317 Pa. 49, 51, 175 A. 414; Crawford's Estate, 293 Pa. 570,143 A. 214. Moreover, it is the only legacy in the will that does not have specifying words. The testator used the word "my" when he bequeathed "my Social Security and Old Age Pension money," and when he gave "my half of the bungalow . . ." Where, as here, there is a bequest of a number of shares of stock of a designated corporation without further explanation and without more particularly referring to and indicating the identical shares to be bequeathed, the gift is construed as a general legacy and not a specific legacy. Sponsler's Appeal, 107 Pa. 95; Estate of James McGaw, 85 Pa. Super. 545; Cf.Snyder's Estate, 217 Pa. 71, 66 A. 157; Lenhart's Estate, *Page 386 344 Pa. 358, 25 A.2d 725; Riblet's Estate, 60 Pa. D. C. 423, 429; 4 Page on Wills, § 1397. This conclusion is aided by the presumption in favor of general legacies and against specific legacies: Wilson's Estate, 260 Pa. 407, 103 A. 880; Hammer'sEstate, 158 Pa. 632, 28 A. 231.
Whether a legatee has the right to select 21 preferred shares and 4 common shares, or whether he must accept 25 shares of common stock requires us to determine whether the legatee has the right of selection. Although the doctrine of selection in these circumstances has been recognized, there exists little case law on the subject. However, the prevailing rule is, that a general legacy of a portion of property of unequal value or of a portion of a larger quantity of property of the same value, implies a right of selection in the legatee, in the absence of a provision in the will showing a contrary intention. Mizener's Estate, supra. Since it appears that there are two classifications of stock, the legatee, by implication, is accorded the right to select and receive out of the estate that which is of most advantage to him, namely, 21 shares of preferred and 4 shares of common stock. In Mizener's Estate, supra, the testator bequeathed to his daughter "thirty thousand dollars, par value of bonds" and the estate included bonds worth $300,000.00 par value, some of which were appraised above and others below par. The legatee claimed the right to select bonds to the extent of $30,000.00 actual value. The executors, however, contended that since some of the bonds were appraised at less than par value the legatee had no right to select but could only receive those bonds having the same market value as the average of all bonds belonging to the estate. It was held that the legatee had the right to select bonds to the extent of $30,000.00 par value, irrespective of their market value. InGalbraith v. Bowen, 5 Dist. Rep. 352, 355, the testator devised 10 acres of land from a large tract and the court there *Page 387 
permitted the devisee to select any 10 acres he desired. The court below properly concluded that an implied right of selection existed.[1]
Appellant also complains that the court below erred in awarding a fee to the guardian out of the general assets of the estate rather than from the minor's interest therein; that the fee of $175.00 in an estate showing a balance of principal of $3,518.72 is excessive. Such matters are within the sound discretion of the auditing judge and when approved by the court en banc will be set aside only where an abuse of that discretion is shown. There exists no such abuse of discretion in this case as to require us (1) either to reduce the amount of the fee, or (2) deduct it from the legatee's share. Harton'sEstate, 331 Pa. 507, 523, 1 A.2d 292; Stafford Estate, 152 Pa. Super. 551,553, 33 A.2d 78; Dowman Estate, 156 Pa. Super. 655,659, 41 A.2d 339; Cope's Estate (No. 1),
50 Pa. D. C. 189, 195; Rash's Estate, 22 Pa. D. C. 405.
Decree affirmed; appellant to pay the costs.
[1] For decisions in other jurisdictions, holding the legatee has an implied right of selection, see: In re Turner's Will,206 N.Y. 93, 99. N.E. 187; Prater v. Hughston, 202 Ala. 192,79 So. 564; Estate of Deffebach, 85 Cal.App. Dec. 800, 57 P.2d 1340; 57 Am. Jur. 1208, annotated in 157 A.L.R. 1129.