## Austin Estate

*John R. Graham* and *W. Horace Hepburn, Jr.*, for exceptants.

*Butler, Beatty, Greer & Johnson, George T. Butler* and *Charles C. Townsend*, contra.

VAN RODEN, P. J., October 26, 1949.——. . . with respect to the controversy concerning accountants' commissions, the pertinent facts are as follows: In his will dated March 5, 1941, decedent named the Provident Trust Company of Philadelphia, his only son, Carl C. Austin, Jr., and Robert W. Beatty, a prominent member of the local bar, as executors and trustees.

Subsequent to the execution of the will, decedent married Judith McCall. The will was inoperative as to her and by written election duly filed of record she elected to take against the will. Accordingly, she is entitled to one half of the net distributive estate. By decree of this court dated October 19, 1948, the trust created by decedent's will was terminated and it was determined that decedent's son is entitled to one-half share of the net distributive estate absolutely and in fee simple. By reason thereof, the duties of the accountants were confined to the administration of the estate in their executorial capacity, to be followed by distribution to decedent's son and widow unburdened by any trust.

At the time of his death, January 20, 1948, decedent was possessed of personal property valued at $285,035.97 and was seized of real estate consisting of approximately 107 acres of land, with dwelling, cow barns, and the usual outbuildings of a country estate. While the executors had no direct responsibility for the real estate, which descended to decedent's widow and son, many questions arose concerning the maintenance of the property and the proper apportionment of current expenses which required the attention and consideration of the executors and entailed many decisions concerning same. The personal estate included listed securities worth $226,000, of which approximately $48,000 worth of United States Government securities have been converted to meet administration expenses. The beneficiaries have elected to receive the unconverted securities in kind.

In the account the executors claimed commissions on principal personalty at the rate of five percent on the first $100,000 and four percent on the remaining $185,035.97, or total principal commissions of $12,401.44. The widow objected thereto, alleging that "the rate charged is excessive", that "the appointment of three

executors as to the widow, Judith McCall Austin, is invalid", that "there is no conversion of the assets of the estate", and that "the amount charged is unwarranted".

The auditing judge, in dismissing the exception to the account, found that "the credit claimed for compensation of the accountants is fair and reasonable under all the circumstances of the case, the same is hereby allowed, and accountants are directed to pay same out of the principal assets of the estate".

The present exception was not filed within 15 days after notice of the adjudication as required by section 7, rule 1(b) of the local rules of practice in the orphans' court of this county. However, the question raised by exceptant is of substantive importance and should not be foreclosed by a mere technicality. In the interests of justice and to insure full protection of the rights of the widow, the court will consider the merit of the exception.

Every executor who faithfully performs the duties of his office is entitled to compensation: Remick, Pennsylvania Orphans' Court Practice, vol. 1, §249, pp. 728-30. Such compensation must be based upon the responsibility incurred and the service and labor performed: Gardner's Estate, 323 Pa. 229, 238 (1936). In the case of trustees the legislature has decreed that compensation shall be "reasonable and just": Act of June 14, 1836, P. L. 628, sec. 29; 20 PS §3271. The courts have applied the same rule to executors and administrators. However, standards of reasonableness and justice are somewhat variable. See deFuria, The Law and Semantics, 21 Pa. Bar Assn. Q. 18. Accordingly, the allowance of compensation is primarily within the discretion of the auditing judge: Rosenthal's Estate, 41 D. & C. 292 (1941); Shoch's Estate, 41 D. & C. 698 (1941).

On smaller estates compensation of executors is normally based upon commissions at the rate of five percent on principal personalty: Stafford Estate, 152 Pa. Superior Ct. 551, 553 (1943); Dowman Estate, 156 Pa. Superior Ct. 655, 659 (1944). In larger estates a charge of five percent is generally considered excessive, in the absence of proof of extraordinary services. However, percentages are applied mainly on the score of convenience and must be adapted to varying conditions. Thus, in McCalla's Estate, 33 D. & C. 643 (1938), commissions charged at the rate of five percent on principal personalty of $116,000 were declared excessive and reduced to 4½ percent. Similarly, in Barbey's Estate, 34 Berks 147 (1941), the executor's charge of five percent on an estate of $115,000 was reduced to four percent. On the other hand, in Eckels' Estate, 37 D. & C. 383 (1940), it was held that while ordinarily four percent would be the maximum commission allowed on a gross personal estate of $366,000, five percent was allowed by virtue of special circumstances involved.

Exceptants argues that "3 percent on the entire personal property of the estate is adequate and liberal compensation for the accountants in this case". The figure of three percent has indeed received judicial sanction with respect to estates of approximately $250,000 in size. See Young's Estate, 204 Pa. 32 (1902), Quigley's Estate, 329 Pa. 281, 295 (1938), Gardner's Estate, supra, at 240. However, it must be recognized that the increasing complexity of Federal estate and income tax laws represent a changed condition from that existing at the time the earlier cases were decided. The administration of large estates has gradually become more difficult and burdensome, requiring more work and entailing more responsibilities on the part of fiduciaries. In the instant case, testator saw fit to designate a well known corporate fiduciary

as executor, and a prominent attorney as an individual coexecutor in addition to naming his son as a coexecutor. It must be assumed that he intended all of them to be properly compensated for their services. It is true that the widow, who took against the will, had no voice in the selection of the fiduciaries. However, she benefited from their skill and experience in the administration of the estate. The personal differences which existed between the widow and decedent's son by a former marriage did not tend to make administration of the estate less difficult and complicated. Under all the circumstancesc of this case, the court cannot agree with exceptant that three percent is "adequate and liberal compensation". On the contrary, we hold that such rate of compensation would be inadequate.

The auditing judge found the charge of principal commissions of $12,401.44 to be "fair and reasonable". While such total charge is not so high as to be termed grossly excessive nor to indicate any abuse of discretion whatsoever on the part of the auditing judge, the fact remains that such compensation was computed on a graduated scale, which method was expressly disapproved by the Supreme Court in Gardner's Estate, supra, at 239. In order to correct this situation, the court hereby fixes the compensation of the accountants at four percent on the entire amount of principal personalty, or commissions of $11,401.44. To the extent that the credit claimed in the account exceeds this allowance, the exception filed on behalf of the widow is hereby sustained and the accountants are hereby surcharged to the extent of the excess thereof, to wit, $1,000.

Accordingly, the court enters the following

*Decree*

And now, to wit, October 26, 1949, it is hereby ordered, adjudged and decreed as follows:

1. The exception filed by Marguerite Austin Graves, sister of decedent, to the adjudication dated September 16, 1949, is hereby dismissed.

2. The exception filed by Judith McCall Austin to the adjudication is hereby sustained to the extent that the credit claimed for compensation of the accountants exceeds four percent on principal personalty assets, and the accountants are hereby surcharged to the extent of the excess thereof, to wit, $1,000, and the adjudication of September 16, 1949, is hereby modified and amended to conform herewith.

3. As so amended and modified, the adjudication of September 16, 1949, is in all other respects hereby ratified and confirmed.

4. An exception is hereby allowed to each party in interest.