## Yeker Estate

*Robert L. Stuart*, for exceptant.

*D. M. Garrahan*, for accountant.

GEARHART, P. J., June 30, 1952.—Paul Yeker died September 26, 1951. His will, dated August 21, 1942, has been duly probated. Gertrude A. Yeker Yost, the executrix, has filed her account, which has come on for audit.

Dorothy P. Schenk and Francis Schenk have filed objections to the accountant's proposed schedule of distribution because the accountant has failed to distribute to Francis Schenk a United States bond worth $500, or its equivalent in cash. Likewise, Dorothy P. Schenk objects to the proposed schedule of distribution because of the accountant's failure to distribute to her a United States defense bond worth $1,000 or its equivalent in cash. The account shows a balance for distribution of $3,082.87. After giving effect to the specific bequests, there is a balance in the residuary account of $949.67.

Objection is made also to the commission claimed by the accountant. Objectors claim that the accountant should have charged five percent on $4,590 only and not on $6,090, which latter amount includes defense bonds jointly owned by decedent and others.

The clause of the will which is the subject of dispute is as follows: "Unto my grandchildren Dorothy P. Schenk and Francis Schenk, children of my deceased daughter, I give and bequeath to Dorothy P. Schenk United States Defense Bond worth $1000.00 also the sum of $500.00. To Francis Schenk I bequeath United States Bond worth $500.00". At the time of the execution of the will decedent did not own any United States defense bonds, but approximately two years after the execution of the will, decedent purchased a United States defense bond, series E, in the sum of $1,000, made out in the name of decedent and Dorothy P. Schenk, and a similar bond in the amount of $500, taken in the name of decedent and Francis Schenk. Decedent kept the bonds in a safe in his home, which was accessible only to himself. The bonds were duly appraised by the State appraiser and the State inheritance tax was paid by the accountant. The bonds were turned over by the executrix to Dorothy P.

Schenk and Francis Schenk in accordance with the Federal regulations.

The contention of the objectors is that the two series E bonds, whose maturity values would have amounted to $1,000 and $500, and which have been delivered to them, constituted no part of the estate for purposes of distribution. They further contend that the legacy contained in the will is general, and since there are no bonds in the estate that could satisfy the bequests, they are entitled to cash. The accountant, on the other hand, contends that the bequest contained in the will has been fulfilled by the delivery of the bonds to the legatees, and that this is in accord with testator's intention.

A general legacy or devise is one which, in accordance with the terms of the will, may be satisfied out of testator's estate generally, by delivering all of his estate or any part of it which corresponds with the legacy or devise in value or in general description, and which is not charged upon any specific property: Page on Wills, lifetime ed., vol. 4, sec. 1393; Wilson's Estate, 260 Pa. 407. On the other hand, a specific legacy has been defined as a gift by will of a specific article or part of testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing: 69 C. J. 919, §2085; Snyder's Estate, 217 Pa. 71; Wood's Estate, 267 Pa. 462; McFerren Estate, 365 Pa. 490, 493.

It has been held that a legacy of stocks or bonds without words or identification or ownership, is a general legacy, though testator gives exactly the amount he has in hand; and if none such is owned by testator at the time of his death, the legatee may elect to take the value in cash rather than have the executor purchase it for him: Sponsler Appeal, 107 Pa. 95; Snyder's Estate, supra, 71; Lenhart's Estate, 344 Pa. 358; Connolly Estate, 166 Pa. Superior Ct. 383, 386.

There is a presumption in favor of general legacies and against specific legacies: Wilson's Estate, 260 Pa. 407; Hammer's Estate, 158 Pa. 632; Connolly Estate, 166 Pa. Superior Ct. 383.

Examining the provisions of the will with the above general principles in mind, we have no difficulty in finding that the legacy is general. There is no ambiguity in the words used. What he gave to the legatees were United States defense bonds "worth $1,000.00" and "worth $500.00". Testator had no defense bonds at the time he wrote the will, and therefore it can be reasonably inferred that he was not thinking of bonds as the primary object of the gift, but rather the pecuniary value of bonds.

While a will is ambulatory and becomes effective only at death with respect to identity or the value of the legacy, the intent of testator governs and this intent is found by the words of the will in relation to the surrounding circumstances: McFerren Estate, supra, 490, 496.

The accountant argues, however, that when testator wrote his will, it was his intention to procure the necessary bonds to satisfy the bequest; he argues "the best evidence of that being that he did purchase them". It is true that decedent did purchase bonds as indicated, but this occurred two years after the writing of the will, and there is nothing in the will itself or in the surrounding circumstances that would indicate that it was testator's intention to satisfy this bequest by the future purchase of bonds. We might surmise that that was his intent, but this we are not permitted to do.

Said Mr. Justice Jones in Farmers Trust Company, Executor, v. Wilson et ux., 361 Pa. 43, 46, quoting from Weidman's Appeal, 2 Walker 359, 361: "The question in expounding a will is not what the testator meant, but what is the meaning of his words". That

pronouncement has since been reiterated by the courts of this State many times without question down to the present: E.g., Myers Estate, 351 Pa. 472; Rosengarten Estate, 349 Pa. 32; Tombs Estate, 155 Pa. Superior Ct. 605, 609. Amplifying this statement in McFerren Estate, supra, 497, Mr. Justice Stearne stated:

"The principle . . . does not mean that, where a testator's intention is clear, it may be disregarded on the basis of a literal interpretation of his testamentary words. But, it does mean that a testator's intent is not to be arrived at by the expounder's subjective deductions as to what the testator might have meant, or even perhaps did mean, but did not say: cf. Ludwick's Estate, 269 Pa. 365".

The language in the instant case and the intent to be gathered from it is unambiguous and clear. The bonds that have been delivered to the legatees were not delivered to them because of anything that the will said. The delivered bonds were payable to the survivor named in the bonds upon the death of the coöwner, who in this case was decedent.

Myers Estate, 359 Pa. 577, upon which the accountant relies, is not apposite to the question here involved. In that estate, and we may also add, in Graham Estate, 358 Pa. 383, the question was one of taxation. In both of these cases it is clearly recognized that the ownership of the bond upon the death of the coöwner was in the survivor. The bonds, strictly speaking, did not constitute part of decedent's estate, and as such were not subject to testamentary disposition. For purposes of taxation they were part of the estate and subject to the transfer inheritance tax: Graham Estate, supra, 383; Myers Estate, supra, 577; Cochrane's Estate, 342 Pa. 108, 112.

Accordingly, we rule that the general legacies given to the objectors must be paid out of the balance in hand in proportion to their respective interests.

With respect to the objection relating to commissions charged, we find that the accountant has charged commissions at the rate of five percent on $1,500, representing the one-half interest in the United States defense bonds. For purposes of taxation, it was the duty of the accountant to account for decedent's interest in the bonds and to pay the transfer inheritance tax: Myers Estate, supra, 577; Graham Estate, supra, 383.

It was proper for the accountant to include the one-half value in the appraisement as constituting for tax purposes part of the decedent's estate: Cochrane's Estate, supra, 108, 112. That the accountant had some duties to perform in relation to these bonds is apparent. The disposition of the bonds has been the source of considerable trouble. The accountant has paid the tax and has delivered the bonds to the respective survivors entitled thereto. It is hornbook law that fiduciaries are entitled to reasonable compensation for services rendered: Williamson Estate, 368 Pa. 343, 348. And while frequently the compensation is calculated on a percentage basis, the object is to fairly reward the fiduciary for services performed: Williamson Estate, supra, 343, and cases cited; Strickler Estate, 354 Pa. 276, 277; Davidson's Estate, 324 Pa. 90, 96.

Taking all the facts and circumstances of the case into consideration, we believe that the accountant would be fairly compensated if $50 were allowed for the services rendered in connection with the defense bonds. By reducing the compensation for handling the bonds to $50, the effect will be to increase the balance in hand by the sum of $25, making a total of $3,107.87 for distribution.

Accordingly, now, June 30, 1952, objections nos. 1 and 2 are sustained as indicated in the body of this adjudication. The account is confirmed and the accountant will make distribution as hereinafter set forth:

Balance in hand (As shown in account)                                    $3,082.87
Plus difference on account of reduction of accountant's
    commission (as per adjudication)                        25.00

Total balance for distribution ........................ $3,107.87

*Bequests to:*
Sr. Mary Libiosa (Mary Yeker), mortgage        $1,470.00
Interest on mortgage                                 88.20
Dorothy P. Schenk, $500, less 2% tax                490.00
Rev. Bruno C. Zietsch, Mass Intentions, $100,
    less 15% tax                                   85.00

Total bequests ..................................... $2,133.20
Residue ($947.67) for distribution to:
Dorothy P. Schenk, on account of her $1,000
    bequest, (as per adjudication), 2/3 of residue   649.78
Francis Schenk, on account of his $500 bequest,
    (as per adjudication), 1/3 of residue            324.89      974.67

Total distribution ................................. $3,107.87

This decree will become final unless exceptions are filed within 10 days herefrom.