## Dale Estate

*Warren K. Samples*, for accountant.

MacElree, P. J., September 30, 1966.—The question, as stated by counsel for accountant, is as follows:

"Is the gift of '. . . a savings account in The National Bank of Oxford. . . .' to the three minor children of Edgar T. Dale who survived Edna S. Dale void because of ambiguity, at her death there being two savings accounts in the successor by merger to that bank? And, if the gift is not void, what passes to the testamentary guardian of those three minor children by this gift?"

There was submitted at audit a stipulation incorporated herein by reference thereto without being further transcribed herein.

Based upon the facts so stipulated and a further statement by counsel for accountant, this court makes the following

FINDINGS OF FACT

Myrtle S. Craig, Linda Ann Dale, Effie Dale, Anna Dale, and Edgar T. Dale survived decedent.

The children of Edgar T. Dale surviving decedent are Pamela Ann Dale, Craig Thomas Dale and Brian Gregory Dale, all of whom are minors. . . .

Decedent died October 14, 1965.

The will of decedent was executed February 8, 1963. The codicil to decedent's will was executed February 15, 1963.

At the time of her death, decedent possessed two savings accounts in the Industrial Valley Bank and Trust Company, successor by merger to The National Bank of Oxford. The aforesaid accounts were numbers 22-8780 and 22-13297.

Savings account 22-8780 was opened February 1, 1947, by decedent and her late husband, John P. Dale, with the right of survivorship. Decedent's husband, John P. Dale, died October 9, 1949.

Between October 10, 1949, and February 15, 1963, the date on which decedent signed the codicil to her will dated February 8, 1963, decedent made 20 withdrawals from this account. During the same period, she made three deposits to the account. The last withdrawal from

the account was $300 on March 1, 1957, and the last deposit was of $500 made on July 31, 1959. Subsequent to July 31, 1959, there were neither withdrawals nor deposits in said account, other than the accrual of interest.

Savings account 22-13297 was opened by decedent on October 3, 1961. Decedent made two deposits to this account in the calendar year of 1961, three deposits during the calendar year 1962, three deposits during the calendar year 1963 (one of said deposits being on February 15, 1963, the date on which decedent executed the codicil to her will), and a final deposit on December 10, 1964. At no time did decedent make any withdrawals from this account. Decedent's net estate for distribution amounts to $10,566.83.

The total amount in the two savings accounts at the time of decedent's death was $2,406.23, of which total $1,242.27 was in savings account 22-8780, and $1,163.96 was in savings account 22-13297.

## DISCUSSION

At the time of decedent's death, there was, as above noted, a balance of $1,242.27 in what had been the joint account of decedent and her deceased husband.

At the time of her death, there was in the savings account opened by decedent a balance of $1,163.96, in which latter account she, decedent, had made a deposit on the very day she executed the codicil in question.

Counsel for accountant has cited Connolly Estate, 166 Pa. Superior Ct. 383, and Mizener's Estate, 262 Pa. 62, in support of a suggestion that by the terms of said codicil, the testamentary guardian was given an implied right of selection between the two savings accounts.

This court is of opinion that the cases cited are not applicable in the subject estate, inasmuch as the legacies involved in Connolly Estate and Mizener's Estate

were both construed by the courts to be "general legacies".

There is no doubt in the mind of this court that the legacy to the children of Edgar T. Dale, as provided in the codicil, was a specific one, and the legatees therein named would take subject to all of the legal incidents which characterize specific legacies: Kenworthy's Estate (No. 1), 52 Pa. Superior Ct. 152, 154.

This court is of opinion and so concludes that what decedent intended was that if, at her death, she had a savings account in The National Bank of Oxford (now by merger Industrial Valley Bank and Trust Company) which she had created, it was to go to the children of her son, Edgar T. Dale.

Other than a legacy of $100 to Faggs Manor United Presbyterian Church, decedent bequeathed her estate to her nearest next of kin, to wit: a sister, a granddaughter, daughters-in-law, a son, and two children of a deceased son, W. Fred Dale.

Under the terms of the will, the residue was bequeathed one half to her son, Edgar T. Dale, who survived, and the remaining half equally between the two children of her deceased son, W. Fred Dale.

By the terms of the codicil, she specifically bequeathed her, decedent's, savings account in the then National Bank of Oxford, to the three children of her son, Edgar T. Dale, who survived her.

Having been meticulously careful to divide her residuary estate between her issue, it is inconceivable that by her codicil she intended to divert approximately 25 percent of her net estate to the children of her living son.

It is further significant that on the very date on which the codicil was executed she, decedent, had made a deposit in the savings account which she had created, to wit: savings account number 22-13297.

Distribution will be awarded in accordance with the foregoing conclusions. . . .