522 A.2d 40

In re ESTATE OF Corvan S. BRYAN, Late of Franklin Township, Adams Co., Pa.

Marian Flynn GULDEN

v.

Marian BRYAN, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 2, 1986.

Decided March 10, 1987.

Robert G. Teeter, Gettysburg, for appellant.

Larry W. Wolf, Hanover, for appellee.

## OPINION

ZAPPALA, Justice.

This is an appeal from an order of the Superior Court which affirmed in part and reversed in part an order of the

Court of Common Pleas of Adams County. The Court of Common Pleas had dismissed Appellee's exceptions to an auditor's report and confirmed the report, holding that Appellee was not entitled to further distribution from the estate because she had assigned her distributive share to Appellant.

Appellant Marian Bryan is the mother of Appellee Marian Flynn Gulden. On September 22, 1972, Corvan S. Bryan died intestate, leaving as his heirs his wife and daughter. Letters of administration were issued to the mother on September 29, 1972, and little occurred with respect to distribution of the estate until the spring of 1979.

At that time, the daughter petitioned the Orphans' Court of Adams County to direct her mother to file an accounting of the estate. On January 20, 1982, the first and final accounting were filed together with a proposed schedule of final distributions. The daughter filed exceptions to the accounting and an auditor was appointed. The Auditor held an evidentiary hearing, and on April 13, 1983, issued his report, recommending that the remaining assets of the estate be distributed in whole to the mother. Auditor's Report, R. 5a. The daughter renewed her exceptions which were dismissed by the Orphans' Court. A final decree of distribution was entered by that court, ordering that the remainder of the estate be distributed as recommended by the Auditor's report.

On appeal to the Superior Court, Appellee disputed the court's treatment of three financial transactions. Two involved demand notes executed by the daughter, her husband, and the mother, the proceeds of which were used as a down-payment on a bar by the daughter and her husband. One of these notes was to the First National Bank & Trust Company of Waynesboro for $11,000. The mother, as administratrix of her husband's estate, consented to having this note secured by certain shares of stock in a water company that were part of the estate. The other note was to the Adams County National Bank for $15,000, and was secured by the funds in the mother's personal savings

account.[1] Eventually, both banks demanded payment of the notes. Payment for the first note was made in the amount of $11,208.12 from proceeds received from the sale of the water stock, and payment on the other note in the amount of $15,028.12 from the mother's savings. The other transaction questioned in the appeal was the receipt of $2,500 by the daughter from the mother. This transfer was made so that the daughter could purchase new clothes, since hers had apparently been taken during a domestic dispute.

When the mother filed the accounting of the estate she listed the payments of both notes and the $2,500 as distributions set off from the distribution which the daughter was entitled to receive from the estate. The Auditor and Orphans' Court accepted the mother's characterization of the payments as an assignment to her of the daughter's share of the estate. The Superior Court, however, found that the only transaction which could be characterized as an advance was the $11,000 note secured by the estate's water company stock, and that the other transactions were personal claims of the mother which could not properly be set off against the daughter's share of the estate. Thus, the Superior Court reversed that part of the lower court's order confirming the set off of the $15,028.12 and $2,500 against the daughter's share of the estate and remanded the case for further proceedings. 340 Pa.Super. 455, 490 A.2d 868.

The only substantive issue raised is whether the Superior Court exceeded its appropriate standard of review. We find that it has, and therefore now reverse.

The standard of review which appellate courts should apply in reviewing challenges to an auditor's findings has been clearly established by this Court. "[F]indings of fact of an auditor, confirmed or approved by the court below, will not be disturbed on appeal except for clear error or unless unsupported by the evidence." *Watt Estate*, 409 Pa. 44, 50, 185 A.2d 781, 784 (1962). Thus, an appellate court

---

1. The record is void as to why the funds were secured by the mother's personal account; however, the reason is not material to the decision in this case.

generally should not disturb the auditor's evaluations of the credibility of witnesses. *Krepinevich Estate,* 433 Pa. 78, 248 A.2d 844 (1969); *Dettra Will,* 415 Pa. 197, 202 A.2d 827 (1964). The Superior Court properly recognized this standard of review, but incorrectly applied it by disregarding the credibility determinations of the Auditor.

■ The Superior Court correctly held that sufficient evidence, i.e., payment of the note from the proceeds of the sale of estate property, supported the conclusion that the transaction involving the $11,000 demand note was an oral assignment. In the other two transactions, however, the Superior Court did not find any such direct link to the estate, as the money in those transactions came from the mother's personal funds. Disregarding a document relied on by the Orphans' Court below as being improperly admitted, the Superior Court reasoned that the only evidence available concerning both the $15,000 and $2,500 transactions was the conflicting testimony of the parties, which was not sufficient to meet the mother's burden of proof.

■ The unsigned document in question stated, in pertinent part:

My mother Mrs. Marian Bryan has agreed to let me use all available funds in my father's estate, including proceeds from the Cashtown Water Company which is sold in the near future in order to get the $26,700 needed as a downpayment. You can reach her at 334–3882 if you have any questions.[2]

Attorney David Teeter, who represented the mother, testified at the hearing that the document was prepared in response to a letter from one of the banks involved in the purchase of the bar, and that he discussed the document with the daughter. His recollection of her statements is consistent with the contents of the document. The daughter's testimony with respect to the document was ambivalent. She first admitted, then denied typing it, and then on

2. This portion of the document was read into the record by the daughter at the Auditor's Hearing. *See,* Auditor's Hearing Transcript p. 58.

rebuttal, denied having seen it before. The Superior Court held that the document was improperly admitted because it was not signed, and because the daughter's testimony did not show that she typed the letter. With the attorney's testimony, however, it appears that the document was properly authenticated and admitted, and should not have been disregarded by the Superior Court.

■ Even without regard to the document, however, the mother claimed that her daughter had made an oral assignment of her share of the estate to her. Oral assignments are permissible. *See, Way Estate,* 379 Pa. 421, 109 A.2d 164 (1954), and *Blose Estate,* 374 Pa. 100, 97 A.2d 358 (1953). As a fiduciary claiming credit for disbursements made by her, however, the burden of proof rested on the mother to justify them. *See, Strickler Estate,* 354 Pa. 276, 47 A.2d 134 (1946). The testimony of Attorney Teeter indicated that the daughter had agreed that the funds were to come from her share of the estate, and supports the mother's claims of an oral assignment.

■ Notwithstanding this evidence, we think that proper resolution of the credibility issue in this case would have been sufficient to support the mother's claims, although generally an accountant's unsupported testimony is not enough to meet her burden. *Strickler Estate,* 354 Pa. at 277, 47 A.2d at 135. The testimony given at the Auditor's hearing by the daughter indicates that she thought she was not involved in the bar transactions at all, although her signature appeared on all of the loan documents. She asserted that she did not give her mother permission to take the money from her share of the estate as collateral on the loans, and that when her mother put up the $15,000 from her personal savings account, she did not give her mother an oral assignment of her estate share in return. She also stated that the same was true with respect to the $2,500 payment.

The mother's testimony differs greatly. She testified that the only reason she co-signed the loans was to help her daughter. She also testified that she understood that the

loans she personally guaranteed would be paid from her daughter's share of her husband's estate, as would be the $2,500 she lent her daughter to purchase clothing. The Auditor clearly observed the demeanor and attitudes of both the mother and the daughter. The Auditor found the mother to be a more credible witness, noting the daughter's hostile and uncooperative attitude. Auditor's Report, R. 17a. In light of this, the Superior Court should not have disregarded the Auditor's determination that the mother was a more credible witness.

Because there was sufficient evidence in the record supporting the conclusions of the Auditor and the lower court that an oral assignment had been accomplished, we find that the Superior Court exceeded its scope of review. We reverse that portion of the Superior Court's order reversing the Orphans' Court's order and remanding for further proceedings. The account and schedule of distribution as modified by the Auditor's report and confirmed by the Orphans' Court are reinstated.